# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY



**MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE**
**50 WALNUT STREET, P.O. BOX 419**
**NEWARK, NJ  07101-0419**
**(973) 645-6340**

**WILLIAM J. MARTINI**
      **JUDGE**

## LETTER OPINION

September 16, 2009

Carla P. Maresca, Esq.
Deasey, Mahoney & Valentini, Ltd.
80 Tanner Street
Haddonfield, NJ 08033
*Attorneys for Plaintiffs*

Elizabeth F. Lorell
Schwartz, Simon, Edelstein, Celso & Kessler, LLP
44 Whippany Road, Suite 210
P.O. Box 2355
Morristown, NJ 07962
*Attorneys for Defendants*

Sean R. Kelly
Saiber LLC
One Gateway Center, 13th Floor
Newark, NJ 07102-5311
*Attorneys for the Individual Defendants (as to Count I only)*

    Re:    *Maribel DelRio-Mocci, Linda Elliott, Robert Bolmer and Charlsey Sheppard v. Connolly Properties Inc., David M. Connolly, Dana Ayala, and Dania Molina*
             Civil Action No. 08-2753 (WJM)

Dear Counsel:

This matter comes before the Court on a Motion for Reconsideration by Plaintiff Robert Bolmer ("Bolmer") pursuant to Local Rule of Civil Procedure 7.1(i). Specifically, Bolmer seeks reconsideration of this Court's April 8, 2009 Order granting Defendants' Motion to Dismiss Count I of the Second Amended Complaint ("SAC"). Defendants oppose the motion. There was no oral argument. Fed. R. Civ. P. 78. For the reasons stated below, Plaintiff's motion is **DENIED**.

## BACKGROUND

Plaintiff resides in a Plainfield, NJ apartment complex operated by Defendants. (Pl.'s SAC ¶ 22). Plaintiff alleges that Defendants target illegal aliens as prospective tenants because they believe that such individuals are likely to overpay for apartments in disrepair and are unlikely to report housing code violations to the authorities. (Pl.'s SAC ¶¶ 4, 7, 41). As a result, Defendants have allegedly permitted living conditions in their apartment buildings to deteriorate without offering any commensurate reductions in rent. *Id.*

Plaintiff further alleges that by renting apartments to individuals whom they know to be in the U.S. illegally, Defendants have violated the prohibition of the Immigration and Nationality Act ("INA") against harboring and encouraging or inducing an illegal alien to remain in the United States. 8 U.S.C. § 1324. Because a violation of the INA constitutes a predicate act of racketeering activity under the Racketeer Influenced and Corrupt Organizations Act statute ("RICO"), Count I of the SAC ("Count I," "the RICO Count," or "the Count") alleges that Defendants have violated RICO's conspiracy provision. 18 U.S.C. § 1962.

Plaintiff filed an initial complaint in federal court in June 2008 and subsequently amended it twice. The SAC was filed in December 2008. Defendants filed their Motion to Dismiss Count I of the SAC on December 22, 2008. The motion was fully briefed on January 28, 2009. In February 2009, Plaintiff moved for leave to file a surreply but was denied by Order of this Court. The Court issued a letter opinion and related Order on April 8, 2009, granting Defendants' Motion to Dismiss Count I of the SAC for failure to state a claim.

At present, Plaintiff moves for reconsideration of the April 8, 2009 Order. Plaintiff seeks clarification from the Court on whether the motion to dismiss was granted with or without prejudice. Furthermore, Plaintiff alleges that the Court has made a clear error of law or fact.

## ANALYSIS

A motion to reconsider pursuant to Fed. R. Civ. P. 59(e) and L. Civ. R. 7.1(i) is an "extremely limited procedural vehicle," and "requests pursuant to these rules are to be granted sparingly." *In re Audible, Inc. Securities Litigation,* 2007 WL 4546823 (D.N.J.).

The Third Circuit has consistently held that the purpose of a motion to reconsider is to "correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985).

To prevail on a motion for reconsideration, the moving party must demonstrate one of the following: (1) an intervening change in the controlling law, (2) the existence of new evidence that was not available when the court issued its order, or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *See North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). To satisfy its burden, the moving party must show "dispositive factual matters or controlling decisions of law" that were brought to the court's attention but not considered. *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F.Supp.2d 349, 353 (D.N.J. 1992).

Significantly, a motion for reconsideration may not be used to re-litigate old matters or to argue new matters that could have been raised before the original decision was reached. *P. Schoenfeld Asset Mgmt.*, 161 F.Supp.2d at 352. A party seeking reconsideration must show more than a disagreement with the Court's decision. Recapitulation of the cases and arguments considered by the Court before rendering its original decision fails to carry the moving party's burden. *Id.*

**I.   Dismissal With Prejudice**

Plaintiff's motion asks the Court to clarify whether its dismissal order was intended to be with or without prejudice, because the April 8, 2009 order did not specify. It is not necessary for the Court to clarify that the dismissal was with prejudice, because as Plaintiff recognizes in its brief, the Federal Rules of Civil Procedure provide that all involuntary dismissals are with prejudice unless the dismissal order clearly states otherwise. Fed. R. Civ. P. 41(b); *Shane v. Fauvner*, 213 F.3d 113, 115 (3d Cir. 2000) (finding that an order which failed to specify whether the dismissal was without prejudice functioned as an adjudication on the merits). Nevertheless, because it may be helpful to the parties, the Court will briefly clarify its position and the reasoning behind its decision to dismiss with prejudice.

The Court dismissed Count I with prejudice and without leave to amend. Although a district court is authorized to grant a plaintiff leave to amend a complaint when justice so requires, there is no requirement that it do so when amendment would be futile. *Shane v. Fauvner*, 213 F.3d at 115. Amendment is futile when even an amended complaint would still fail to state a claim for which relief could be granted. *Id*. Moreover, "where the plaintiff has already amended plaintiff's complaint and yet failed to allege sufficient facts, the court may find that '[t]hree bites at the apple is enough,' and conclude that it is proper to deny leave to replead. *In re Insurance Brokerage Antitrust Litigation*, 2007 WL 2892700 (D.N.J.).

Here, dismissal with prejudice was appropriate because granting the Plaintiff leave to amend would have been futile. Plaintiff has already amended its complaint on two

3

separate occasions and has still failed to plead sufficient facts.  A third opportunity to amend, allowing Plaintiff a fourth opportunity to file a complaint in this action, is unlikely to remedy this.  Plaintiff's three bites at the apple are sufficient.

      Furthermore, Plaintiff's argument that the Court dismissed Count I prematurely and without reading Plaintiff's Surreply lacks merit.  In the District of New Jersey, a surrreply can only be filed with leave of the Court and at the Court's discretion.  *See* L. Civ. R. 7.1(d)(6).  Contrary to Plaintiff's assertion, the Court did read Plaintiff's proposed surreply as well as the accompanying motion.  However, after reviewing Plaintiff's submissions, the Court concluded that the conditions warranting a surreply were not met and denied the motion[1]  To the extent that Plaintiff sought to use a surreply to present new facts or arguments that had not been documented in the SAC, this is impermissible.  A non-moving party cannot raise new facts or arguments in a sur-reply, because the moving party will not have the opportunity to respond.  *See Smithkline Beecham PLC v. Teva Pharmaceuticals USA, Inc*., 2007 WL 1827208 (D.N.J).  The Court decided not to grant Plaintiff leave to file a surreply in February 2009.  Because Plaintiff has not pointed to any changes in the law, the existence of new evidence, or a clear error of law or fact made by the Court, revisiting this decision now in a motion for reconsideration is inappropriate.

      Plaintiff's argument that the Court should have ordered Plaintiff to file a RICO case statement rather than dismiss the Count is similarly unavailing.  First of all, the local rules provide that a court may require a party to file a RICO case statement, but it is not mandatory.  *See* L. Civ. R. 16.1(b)(4).  Therefore, this Court was under no obligation to order one.

      Secondly, a RICO case statement would not have benefitted Plaintiff, because the purpose of a RICO case statement is to enhance a vague complaint with additional details, not to raise new arguments or theories of the case for the first time.  *See Northland Insurance Co. v. Shell Oil Co.*, 930 F.Supp. 1069, 1074-1075 (D.N.J. 2006) (stating that "[t]he mission of the case statement is to amplify the allegations of the Complaint.  It provides clarity and precision in the statement of a civil RICO claim and thereby assists in the identification, clarification and narrowing of issues.").

      Here, the problem with Plaintiff's SAC is not that it was overly vague but rather that it relied upon an erroneous legal theory.  As was explained in the letter opinion, the RICO count was dismissed not because it was vague but because the Court did not agree with Plaintiff's theory that merely renting an apartment to illegal aliens constituted a violation of the INA.  Indeed, the Count was dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because it appeared to the Court that no relief could be granted "under any set of facts that could be proved consistent with the allegations."  *Hishon v. King & Spalding*,

---

[1] Specifically, the Court found that because Defendant's reply brief did not raise any new arguments nor contain any statements requiring correction or further explanation, a surreply was unnecessary.

467 U.S. 69, 73 (1984) (as qtd. in the letter opinion). Therefore, any additional information that might have properly been included in a RICO case statement would not have cured the problem.

## II.     Error of Law or Fact

Plaintiff also asserts that the Court made a clear error of law or fact in its analysis. However, Plaintiff fails to identify any specific error. Instead Plaintiff improperly attempts to use this motion to re-litigate the original issue of whether renting apartments to illegal aliens constitutes harboring within the definition of the INA.

Plaintiff argues that even if merely renting apartments to illegal aliens does not constitute harboring, the SAC contained numerous allegations that Defendants' conduct went well beyond the mere renting of apartments. Pl.'s Br. at 11. Plaintiff reminds the Court of its allegations that Defendants inquired into the immigration status of Spanish-speaking prospective tenants, screened applicants to identify illegal alien tenants, and knowingly accepted invalid or false U.S. immigration documents, among others. *Id*.

However, this argument is both inappropriate for a motion to consider and erroneous. This argument was already made in Plaintiff's opposition brief and cannot be re-litigated here. Moreover, the Court does not refute that Plaintiff made these allegations in the SAC. In fact, the Court considered them while formulating its opinion. However, these additional allegations have no effect on the resolution of this issue. While the April 8, 2009 letter opinion states that merely renting an apartment to illegal aliens falls short of harboring, it does not state or imply that renting an apartment in conjunction with any other type of conduct whatsoever does constitute harboring. Rather, the opinion makes it clear that the additional behavior must "prevent government authorities from detecting the alien's unlawful presence." *See U.S. v. Silveus*, 542 F.3d 993, 1003 (3d Cir. 2008) (as qtd. in the letter opinion). Conduct such as targeting illegal aliens, inquiring into tenants' immigration status, and knowingly accepting false documents does not prevent the government from learning of the illegal aliens' existence. The only behavior that even comes close is Defendants' alleged practice of segregating the illegal aliens from the other residents, but even this falls short of the overt types of behavior that the caselaw has recognized as preventing the government from detecting the presence of illegal aliens. *See U.S. v. Tipton,* 518 F.3d 591, 595 (8th. Cir. 2008) (as qtd. in the letter opinion) (finding that locating housing for illegal aliens, while also employing them, providing them with transportation to and from work to prevent their detection by the authorities, paying for their rent and utilities, and maintaining counterfeit immigration documents constituted harboring).

## CONCLUSION

For the reasons stated above, there is no basis to reconsider the Court's April 8, 2009 letter opinion. Therefore, Plaintiff's motion is **DENIED**. The April 8, 2009 letter

opinion and order dismissing Count I of Plaintiff's Second Amended Complaint shall remain in place. Plaintiff shall not be granted leave to amend the complaint.

                                                /s/ William J. Martini
                                            **WILLIAM J. MARTINI, U.S.D.J.**